# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:19-cr-00213-KJD-NJK |
| Plaintiff, | |
| vs. | ORDER |
| MICHAEL ALLEN SOUZA, | (Docket No. 49) |
| Defendant. | |

Pending before the Court is Defendant Michael Allen Souza's motion to reconsider. Docket No. 49.  Defendant asks the Court to reconsider its order at Docket No. 48 denying his stipulation to continue the hearing on his motion to compel.  *Id.*

On May 18, 2020, Defendant filed a motion to compel discovery.  Docket No. 24.  That motion has now been fully briefed.  See Docket Nos. 24, 32, 34.  On June 18, 2020, the Court set a video hearing on Defendant's motion for June 23, 2020, and ordered counsel to file notice as to whether Defendant waived his personal appearance and consented to appear over the video link from NDSC, where he is currently detained pending trial.  Docket No. 37.  On June 22, 2020, the parties filed a stipulation to continue the hearing.  Docket No. 40.  On the same date, the Court granted the parties' stipulation and continued the hearing to July 6, 2020.  Docket No. 41.  The Court again ordered counsel to file notice as to whether Defendant agreed to waive his personal appearance and appear at the hearing over the video link.  *Id.* at 3.

On June 25, 2020, Defendant's counsel filed a notice that he does not consent to waive his right to personal appearance and, since she could not articulate specific reasons why the

1    case could not be further delayed without serious harm to the interests of justice, she would file a

2    second stipulation to continue the hearing.  Docket No. 45.  On the same date, counsel filed a

3    stipulation to continue the hearing for up to fourteen days.  Docket No. 46.  On June 29, 2020, the

4    Court denied the stipulation.  Docket No. 48.  The Court found that the section of the CARES Act

5    that requires a specific finding regarding delay causing serious harm to the interests of justice

6    applied only to a plea or sentencing and, therefore, the Court was not required to make such finding

7    regarding the hearing on the motion to compel.  *Id.* at 1.  As Defendant did not consent to a video

8    appearance, the Court converted the hearing to an in-person appearance and, pursuant to General

9    Order 2020-09, ordered that Defendant be immediately tested for COVID-19, placed into

10   quarantine until his transport to this Court for the hearing, and placed again into quarantine for a

11   period of 14 days after his return to NSDC.  *Id.* at 2.

12           On July 1, 2020, Defendant filed the instant motion for reconsideration.  Docket No. 49.

13   Defendant submits that, at the time counsel filed the notice stating that he did not consent to appear

14   over the video link, he and his counsel had not discussed COVID-19 testing.  *Id.* at 3.  Further,

15   Defendant submits that he does not consent to testing and, even if he did consent, such testing

16   could not occur with enough time to obtain a result prior to his July 6, 2020 hearing.  *Id.*  Finally,

17   Defendant submits that he is now willing to consent to appear at the hearing over the video link

18   and that his counsel "can file a waiver" of his right to appear in person.  *Id.* at 4.

19           While the Federal Rules of Criminal Procedure do not contain a provision specifically

20   allowing motions for reconsideration, numerous circuit courts have held that motions for

21   reconsideration may be filed in criminal cases.  *See United States v. Martin*, 226 F.3d 1042, 1047

22   n. 7 (9th Cir. 2000) (post-judgment motion for reconsideration may be filed in a criminal case and

23   governed by Fed.R.Civ.P. 59(e)); *United States v. Fiorelli*, 337 F.3d 282, 286 (3d Cir. 2003)

(motion for reconsideration allowed in criminal case and governed by Fed.R.Civ.P. 59(e) or Fed.R.Civ.P. 60(b)); *United States v. Clark*, 984 F.2d 31, 33-34 (2d Cir. 1993) (motion for reconsideration filed in criminal case within 10 days of subject order is treated under Fed.R.Civ.P. 59(e)).   Motions for reconsideration in criminal cases are governed by the rules that govern equivalent motions in civil proceedings. *See United States v. Hector*, 368 F. Supp. 2d 1060, 1062-63 (C.D. Cal. 2005) *rev'd on other grounds*, 474 F.3d 1150 (9th Cir. 2007); *see also United States v. Fiorelli*, 337 F.3d 282, 286 (3d Cir. 2003) (motion for reconsideration allowed in criminal case and governed by Fed. R. Civ. P. 59(e) or Fed. R. Civ. P. 60(b)).

Reconsideration is appropriate if the Court: (1) is presented with newly discovered evidence; (2) committed clear error, or the initial decision was manifestly unjust; or (3) if there is an intervening change in controlling law. *Dixon v. Wallowa County,* 336 F.3d 1013, 1022 (9th Cir. 2003).  Motions for reconsideration are disfavored.  Local Rule 59-1(b).  Reconsideration is "an extraordinary remedy, to be used sparingly and in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop,* 229 F.3d 877, 890 (9th Cir. 2000) (internal quotation marks omitted).

Although the information presented in Defendant's motion does not constitute newly-discovered evidence; demonstrate that the Court committed clear error, or the initial decision was manifestly unjust; or show that there is an intervening change in controlling law, the Court finds it is in the interest of justice to reconsider its prior order.

Accordingly,

Defendant's motion for reconsideration, Docket No. 49, is hereby **GRANTED** in part.

IT IS ORDERED that counsel must file a waiver of Defendant's right to appear in person no later than July 2, 2020.

IT IS FURTHER ORDERED that, no later than July 2, 2020, all counsel must contact the Court's Courtroom Administrator at Ari_Caytuero@nvd.uscourts.gov with information on how counsel will participate in the video conference, either in person or over video.  If counsel will be appearing over video, counsel must confirm with the Courtroom Administrator that the equipment is working and provide his/her e-mail address to receive the video-conference invitation.  Counsel must also provide his/her phone number in the event of any technical difficulties.  If counsel prefers to appear telephonically, he/she must so inform the Courtroom Administrator.  Counsel may appear telephonically by calling the Court conference line at 877-402-9757 at least five minutes prior to the hearing.  The conference code is 6791056.  In order to ensure a clear recording of the hearing, the call must be made using a land line phone.  Cell phone calls, as well as the use of a speaker phone, are prohibited.

IT IS FURTHER ORDERED that the following Video Conference Instructions shall be complied with at all times:

- Log on to the call ten minutes before the scheduled hearing time.
- Mute your sound after checking in with the Courtroom Administrator.
- Do not talk over anyone.
- State your name for the record each time you begin to speak.
- Do not allow other people on your video screen.
- Do not allow other people to move in the background of your video screen.
- Do not record the hearing.
- Do not forward any video-conference invitations.
- Unauthorized users on the video conference will be removed.

IT IS FURTHER ORDERED that members of the public may access and listen to the hearing by calling 877-402-9757 and entering access code 6791056, no later than five minutes before the scheduled hearing start time.  All members of the public must have their own phones on mute throughout the hearing and are not allowed to speak or disrupt the hearing.

Anyone granted remote access to a proceeding is reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings.  Violation of these prohibitions may result in sanctions, including removal of court-issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court.

IT IS SO ORDERED.

DATED: July 1, 2020.

_____
NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE